THE STATE EX REL. BILAVER, APPELLANT, *v.* INDUSTRIAL

COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Bilaver v. Indus. Comm.,*

131 Ohio St.3d 132, 2012-Ohio-26.]

*Workers' compensation—Temporary total compensation—Voluntary abandonment of employment—Claimant failed to prove that he secured another job after termination and that he was prevented from doing that other job by virtue of industrial injury—Judgment denying writ of mandamus affirmed.*

(No. 2010-1102—Submitted November 1, 2011—Decided January 10, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 09AP-723, 2010-Ohio-2224.

_____

**Per Curiam**.

**{¶ 1}** Appellee Industrial Commission of Ohio denied an application for temporary total disability ("TTD") compensation filed by appellant, Frank Bilaver. The Court of Appeals for Franklin County upheld that decision, and Bilaver appeals that judgment to this court.

**{¶ 2}** In September 2007, Bilaver left his job with appellee, Fluid Line Products, Inc., after Fluid Line denied him an extended leave of absence. When Bilaver later applied for TTD compensation, the commission found that his decision to leave Fluid Line constituted a voluntary abandonment of employment that barred compensation.

**{¶ 3}** Bilaver filed a complaint in mandamus in the court of appeals, alleging that the commission had abused its discretion in finding that he had voluntarily abandoned his job at Fluid Line. The court disagreed and denied the writ, prompting Bilaver's appeal to this court as of right.

**{¶ 4}** A claimant who voluntarily leaves his or her former position of employment cannot receive TTD compensation unless the claimant has secured other employment and is prevented from doing that job by a flare-up of the original industrial injury. *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355, syllabus. Bilaver claims that his departure from Fluid Line was involuntary because he did not quit his job, but was instead fired in a manner that did not comply with *State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 650 N.E.2d 469.

**{¶ 5}** We find no merit to this argument. Bilaver was not fired; he quit. He gave two weeks' notice to Fluid Line after Fluid Line refused his leave request. Bilaver claims to have rescinded that notice in a September 27, 2007 letter, but the letter is largely incomprehensible and does not indicate directly or implicitly that Bilaver wished to keep his job at Fluid Line. Similarly, we do not find that an October 3, 2007 letter from Fluid Line memorializing the employment separation demonstrates that he was fired from his job.

**{¶ 6}** We find therefore that *Baker* controls. Lacking evidence that Bilaver secured another job and was prevented from doing it by his industrial injury, the commission did not abuse its discretion in denying TTD compensation.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Mitchell A. Stern, for appellant.

Zashin & Rich Co., L.P.A., and Scott Coghlan, for appellee Fluid Line Products, Inc.

Michael DeWine, Attorney General, and Elise W. Porter, Assistant Attorney General, for appellee Industrial Commission.

_____